David J. Shannon, *Admitted Pro Hac Vice*
Email: djshannon@mdwcg.com
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
Phone: (215) 575-2615
Fax: (215) 575-0856

Sheila Fox Morrison, OSB No. 032626
Email: sheilamorrison@dwt.com
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5630
Phone: (503) 241-2300
Fax: (503) 778-5299

Scott J. Meyer, OSB No. 814620
Email: smeyer@mls-law.com
Mitchell, Lang & Smith
2000 One Main Place
101 S.W. Main Street
Portland, Oregon 97204-3230
Phone: (503) 221-1011
Fax: (503) 248-0732

Of Attorneys for Defendant The Round Up Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PENDLETON WOOLEN MILLS, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE ROUND UP ASSOCIATION, an Oregon corporation, <br><br> Defendant. | Case No. 3:11-CV-00592-AC <br><br> **ANSWER OF DEFENDANT, THE ROUND UP ASSOCIATION, TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** |

Defendant answers each paragraph of plaintiff's First Amended Complaint as follows:

## ANSWER TO GENERAL ALLEGATIONS

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

5-24. Denied.

## ANSWER TO FIRST CLAIM FOR RELIEF – FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §1114

25. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 24 as though fully set forth herein at length.

26-31. Denied.

## ANSWER TO SECOND CLAIM FOR RELIEF – FEDERAL UNFAIR COMPETITION, 15 U.S.C. §1125(a)

32. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 31 as though fully set forth herein at length.

33-36. Denied.

## ANSWER TO THIRD CLAIM FOR RELIEF – FEDERAL TRADEMARK DILUTION, 15 U.S.C. §1125(c)

37. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 36 as though fully set forth herein at length.

38-39. Denied.

40. Denied. Furthermore, pursuant to the Court's July 9, 2012 Order, the claims set forth in this Paragraph for dilution for tarnishment have been dismissed; and therefore, no response is required.

41-42. Denied.

## ANSWER TO FOURTH CLAIM FOR RELIEF –
## OREGON TRADEMARK DILUTION, ORS 647.107

43. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 42 as though fully set forth herein at length.

44. Denied. Furthermore, pursuant to the Court's July 9, 2012 Order, the claims set forth in this Paragraph for dilution of tarnishment have been dismissed; and therefore, no response is required.

## ANSWER TO FIFTH CLAIM FOR RELIEF –
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

45. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 44 as though fully set forth herein at length.

46-49. Denied.

## ANSWER TO SIXTH CLAIM FOR RELIEF –
## UNFAIR AND DECEPTIVE TRADE PRACTICES, ORS 646.605 TO 646.656

50. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 49 as though fully set forth herein at length.

51-53. Pursuant to the Court's July 9, 2012 Order, the claims set forth in these Paragraphs have been dismissed with prejudice.

## ANSWER TO SEVENTH CLAIM FOR RELIEF – DECLARATORY JUDGMENT REGARDING REGISTRATION, 15 U.S.C. §1119, 28 U.S.C. §2201

54. No response is required to this Paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, Answering Defendant incorporates its responses to Paragraphs 1 through 53 as though fully set forth herein at length.

55-65. Denied.

## ANSWER TO DEMAND FOR JURY TRIAL

66. Admitted in part; denied in part. Answering Defendant admits that Plaintiff demands a trial by jury. Answering Defendant denies that Plaintiff has the right to a jury trial in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not and will not infringe on Plaintiff's alleged trademarks.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and prudently at all times relevant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not act willfully or intentionally.

### SEVENTH AFFIRMATIVE DEFENSE

The doctrine of laches, unclean hands, estoppel and/or waiver may bar Plaintiff's claims.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages under the Lanham Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered irreparable harm.

### TENTH AFFIRMATIVE DEFENSE

Defendant never entered into a Licensing Agreement with Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims may be preempted by federal law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not the true owner of the copyrights and/or trademark and/or service marks and/or symbols at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has not made any false statements.

### FOURTEENTH AFFIRMATIVE DEFENSE

No implied license existed between the parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff may lack proper standing to proceed with these claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has not breached any agreements with Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's trademark registration(s) may not be valid.

**WHEREFORE**, Defendant respectfully requests:

a) judgment in its favor;

b) dismissal of the Complaint with prejudice;

c) reasonable attorney's fees and costs incurred herein; and,

d) any and all further relief that this Court deems just and proper.

e) Jury demand requested.

Respectfully submitted this 27th day of July, 2012

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By: /s/ David J. Shannon
David J. Shannon, Esq., *Admitted Pro Hac Vice*


DAVIS WRIGHT TREMAINE LLP

By: /s/ Sheila Fox Morrison
Sheila Fox Morrison, Esquire, OSB No. 032626
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201


MITCHELL LANG & SMITH

By: /s/ Scott Meyer
Scott Meyer, OSB No. 814620
2000 One Main Place
101 S.W. Main Street
Portland, OR 97204-3230

01/8069171.v1